IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAN FRANKENSTEIN, | * |
| Plaintiff, | * |
| v. | * Civil No. **20-1100 PJM** |
| HOST INTERNATIONAL, INC. *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

On April 28, 2020, Dan Frankenstein filed this putative class action on behalf of himself, the HMSHost 401(k) Retirement Savings Plan and Trust ("Plan"), and all other similarly situated participants in and beneficiaries of the Plan (collectively "the class") against the Plan's fiduciaries: Host International, Inc. and the Plan's Retirement Committee and its members, including Coleman Lauterbach and Does 1–10, whose names are currently unknown. Frankenstein alleges that Defendants refused to defer compensation paid to him and other class members, contrary to the express terms of the Plan. Frankenstein brings multiple claims under the Employee Retirement Income Security Act ("ERISA") for recovery of benefits under section 501(A)(1)(b), breach of fiduciary duty under section 502(a)(2) and (3), and discrimination under section 510. He seeks injunctive and declaratory relief to recover the benefits allegedly due to him under the Plan, to enforce his rights under the Plan, and to hold Defendants liable to the Plan for their alleged breaches of fiduciary duties.

On August 20, 2020, Defendants filed a motion to dismiss the complaint, which has now been fully briefed. Having considered the parties' briefs and held oral argument, the Court will **DENY** the motion to dismiss.

## I. Background

The Plan is a defined-contribution (individual-account) employee pension benefit plan, as defined by ERISA. *See* 29 U.S.C. § 1002(2)(A), (34); Compl. ¶ 4, ECF No. 1. As of December 31, 2018, the Plan allegedly had more than $300 million in assets with almost 19,000 active and more than 21,000 total participants. Compl. ¶ 2. The Defendant Retirement Committee has authority over the Plan's management and operation and is a named fiduciary under the Plan, pursuant to 29 U.S.C. §§ 1002, 1102. Compl. ¶¶ 6–7. The gist of the Plan, for present purposes, is that Plan participants may contribute a portion of their pretax compensation to the Plan, limited to 75% of their total compensation, and the employer will match the employee's contribution up to 3% of compensation. *See* Adoption Agreement § 1.07(a), ECF No. 1-3; Fidelity Basic Plan Doc. No. 17, § 5.03, ECF No. 1-2.

The gravamen of the present complaint is that Host International has discriminated against employees such as Frankenstein who are compensated in part through tips and has denied them a benefit by paying out their credit card tips in cash at the end of each work shift and preventing those employees from deferring any of that income under the terms of the Plan. Compl. ¶ 14. This policy of cash payouts, which make up a significant portion of a tipped employee's compensation, often results in there being an insufficient amount paid through payroll to cover all of the employee's deferral election for the Plan. *Id.* ¶ 15. In that case, the employee may make only *after-tax* contributions to the Plan to make up the difference (which the employer will still match up to three percent).[1] *Id.* ¶ 16. The complaint alleges that Defendants thereby violate tipped employees'

---

[1] Defendants provide a useful example to help explain the way this works:

> [F]or a two week pay period, assume that Plaintiff earned $500 in regular wages, received $500 in reported tips, has $200 in tax withholdings, and elected to defer 75% of his Compensation in to his 401(k) account. His Compensation for the two-week pay period would be $1,000 and his 401(k) deferral would be $750.

2

rights to benefits under the Plan, by preventing them from contributing a portion of their reported tips based on deferral elections (count I), and breach their fiduciary duties to the Plan by failing to administer it according to its terms and discriminating against tipped employees (counts II and III).

The complaint defines the putative class as "all current and former participants of the [Plan] who received reported tips as compensation and had a deferral election in place at the time they received the reported tips within six years of the date this action was filed." *Id.* ¶ 28.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards," requiring only that a plaintiff submit a "short and plain statement of the claim showing that [he or she] is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court accepts factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Indeed, the court need not accept legal conclusions couched as factual allegations or "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

---

> However, since he received already $500 of his Compensation in tips (either paid in cash by the customer or, if a credit card tip, paid in cash by Host at the end of each shift), his paycheck includes $500 in regular wages only. Deduct from that amount $200 in taxes, which leaves only $300 to be deferred to Plaintiff's 401(k) account. The remaining $450 would have to be contributed after-tax if Plaintiff chose to do so.

Motion to Dismiss at 2, ECF No. 27. The point is that, by contributing pretax income, no income tax is triggered on that deferred compensation, whereas a tax has already been imposed on after-tax contributions.

3

### III. Discussion

### A. Recovery of Benefits under Section 502(a)(1)(B)

Defendants first challenge Frankenstein's claim for recovery of benefits under ERISA section 502(a)(1)(B), which allows a plan participant to file suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." For a plan that, like the present one, grants the administrator discretionary authority, the court reviews the adverse benefit determination for an abuse of discretion. *See Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335, 342 (4th Cir. 2000). In the Fourth Circuit, the court is directed to consider various factors in determining whether a trustee's exercise of discretion is reasonable, including the language of the plan, the purposes and goals of the plan, the materials considered to make the decision, the interpretation's consistency with other plan provisions and earlier interpretations, whether the decision-making process was reasoned and principled, whether the decision was consistent with the procedural and substantive requirements of ERISA, any relevant external standard, and the fiduciary's motives and potential conflicts of interest. *Id.* at 342–43.

Defendants argue that Frankenstein's claim for benefits under the Plan fails because they did not abuse their discretion by denying his benefit claim. They explain that the Plan's terms permit employees to defer from "effectively available compensation," which they maintain does not include the credit card tips distributed to tipped employees at the end of each shift. Frankenstein counters that Defendants' discretionary decision to deny tipped employees the same pretax compensation deferrals as nontipped employees, based on their interpretation of the Plan, is unreasonable in light of the *Booth* factors. Specifically, he argues that at least four factors militate against finding Defendants' decision reasonable: the language of the Plan, which he contends

4

permits him to defer his credit card tips; the purposes or goals of the Plan, particularly that of "enabl[ing] Employees to save for retirement," Summary Plan Description § I, ECF No. 1-4; the substantive requirements of ERISA, which prohibits "discriminatory treatment"; and Defendants' motives and conflicts of interests, purportedly including Host's alleged unwillingness to provide some mechanism for tipped employees to defer some of their credit card tips.

The Court holds that Frankenstein has plausibly alleged that he is entitled to a recovery of benefits under ERISA section 502(a)(1)(B). Host International's policy of paying tips in cash at the end of each shift effectively denies tipped employees the opportunity to defer that income on a pretax basis, and it is appears to be an essentially arbitrary decision; arguably, this denial amounts to an abuse of discretion by Defendants. The Court therefore **DENIES** the motion to dismiss as to the recovery of benefits claim (count I).

### B. Breach of Fiduciary Duties under Section 502(a)(2) and (3)

Defendants also challenges Frankenstein's claims for breach of fiduciary duties under ERISA section 502(a)(2) and (3). "To state a claim for breach of fiduciary duty under ERISA, a plaintiff must allege that: (1) the defendant was a plan fiduciary; (2) the defendant's acts or omissions constituted a breach of duty; and (3) that the breach caused harm to the plaintiff." *Tatum v. R.J. Reynolds Tobacco Co.*, No. 02-cv-373, 2007 WL 1612580, at *9 (M.D.N.C. May 31, 2007) (citing *Pegram v. Herdrich*, 530 U.S. 211, 225–26 (2000)).

Under section 502(a)(2), Frankenstein alleges that Defendants caused losses to the Plan by denying tipped employees the opportunity to defer pretax credit card tips, with the result that Defendants are jeopardizing the Plan's tax-qualified status by violating ERISA. Under section 502(a)(3), Frankenstein alleges that Defendants breached their fiduciary duty by discriminating against nontipped employees in violation of ERISA section 510.

The Court is satisfied that Frankenstein has met his burden of stating a claim as to both breach of fiduciary duty allegations: Defendants are Plan fiduciaries, they failed, without apparent satisfactory justification, to provide a mechanism for tipped employees to defer their pretax credit card tips, and that failure caused losses to the Plan and harmed Frankenstein and others similarly situated by denying them part of the Plan benefits.

The Court is not persuaded by Defendants' argument under *Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101 (4th Cir. 2006), that Frankenstein cannot simultaneously bring his claims under section 502(a)(3) and section 502(a)(1)(B). *See England v. Marriott Int'l, Inc.*, 764 F. Supp. 2d 761, 779 (D. Md. 2011). ("The *Korotynska* court did not hold that bringing simultaneous claims for relief under Sections 502(a)(3) and 502(a)(1)(B) is *always* inappropriate."). "Where plaintiffs are not merely repackaging a benefits claims, it is entirely appropriate to bring simultaneous § 502(a)(3) and § 502(a)(1)(B) claims to address two separate and distinct injuries that are based in whole or in part on different facts." *Id.* (quotation marks omitted). Frankenstein's recovery of benefits claim centers on the reasonableness of Defendants' interpretation of the Plan's language, whereas his breach claim centers on the discriminatory treatment of tipped employees relative to nontipped employees. Thus, although there is naturally some overlap, "[t]hese two claims appear to be based, at least in part, on different facts," *id.* at 780, and may both proceed.[2]

Accordingly, the Court **DENIES** the motion to dismiss as to the claims for breach of fiduciary duty under section 502(a)(2) and (3) (counts II and III).

### C. Discrimination under Section 510

Finally, Defendants challenge Frankenstein's allegation that they have violated ERISA section 510, which in relevant part prohibits any person from "discriminat[ing] against a

---

[2] The extent to which the potential damages assignable to each count may overlap is a question that need not be decided at this time.

6

participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the Plan or ERISA." To state a section 510 claim, a plaintiff must allege "1) that there was an adverse employment action, 2) that such action was taken with the purpose of interference with benefits, 3) and that he was otherwise eligible for the benefit." *Obazee v. Wells Fargo Advisors, LLC*, No. 10-cv-215, 2010 WL 3522091, at *3 (E.D. Va. Sep. 3, 2010) (citing *Conkwright v. Westinghouse Elec. Corp.*, 933 F.2d 231, 237 (4th Cir. 1991)).

The Court is also satisfied that Frankenstein has stated a claim under this section. Defendants purportedly have refused to give tipped employees the option of deferring cash payments derived from credit card tips, a benefit for which tipped employees are otherwise eligible under the Plan. As to their purpose, Defendants have offered no sufficient alternative justification to the alleged specific intent of denying tipped employees the opportunity of deferring some of that compensation under the Plan. Thus, the Court **DENIES** the motion to dismiss as to the discrimination claim under section 510.

### IV. Conclusion

While it is by no means certain that Frankenstein will ultimately prevail on his claims, for now the allegations in the complaint suffice to survive a motion to dismiss. Defendants' motion to dismiss is therefore **DENIED** as to all claims. Since this is a putative class action, counsel should promptly consult one another and advise the Court as to the sequence and timing with which they would like to proceed (e.g., motion to certify class, hearing on motion to certify, discovery, etc.).

A separate order will issue.

March 3, 2021

_____
PETER J. MESSITTE