Goeke Supp. Declaration Exhibit 42

Page 1

```
 1            IN THE UNITED STATES DISTRICT COURT
 2               FOR THE DISTRICT OF MARYLAND
 3                    (Southern Division)
 4                         ---oOo---
 5   DAN FRANKENSTEIN, INDIVIDUALLY,
     AND ON BEHALF OF ALL OTHERS
 6   SIMILARLY SITUATED, AND ON BEHALF
     OF THE HMSHOST 401(k) RETIREMENT
 7   SAVINGS PLAN AND TRUST,
 8            Plaintiff(s),
 9       v.                        No. 8:20-cv-01100-PJM
10   HOST INTERNATIONAL, INC.; HMSHOST
     401(k) RETIREMENT SAVINGS PLAN AND
11   TRUST RETIREMENT COMMITTEE; COLEMAN
     LAUTERBACH; AND DOES NO. 1-10, WHOSE
12   NAMES ARE CURRENTLY UNKNOWN,
13            Defendant(s).
     _____/
14
15            VIDEOTAPED DEPOSITION OF
16                COLEMAN LAUTERBACH
17              TUESDAY, JUNE 14, 2022
18
19
20   Reported by:
     KAREN A. URBANO, CSR License No. 6698
21   Registered Professional Reporter
     Job No:  5261871
22
23
24
25
```

Page 66

1    changing -- are there any considerations to change the
2    Tips Policy today if you know?
3    A.      I don't know.
4    Q.      All right.  And, in connection with the
5    review of Mr. Frankenstein's appeal, do you know          01:54
6    whether the Tips Policy was considered?
7    A.      The -- in as much as the policy talks about
8    tips must be paid out at the end of every shift, yes,
9    that's a company policy that the committee had to
10   consider in considering this case or this -- the         01:54
11   appeal.  Sorry.
12   Q.      Okay.  We have the plan document, which is
13   Exhibit 3 -- will be Exhibit 3.
14           (Exhibit 3 was marked.)
15           MS. ROSS:  I'm going to object to the             01:55
16   characterization of this as the plan document.
17   Q.      BY MR. KRAVITZ:  Okay.  I think you're
18   welcome to do that.
19           And you indicated earlier that you had read
20   the document.  Is this the plan document that you        01:55
21   read, and I can give you control over the --
22   A.      Just to clarify, I will tell you that I've
23   read most of this document.  I've not sat down and
24   read everything from beginning to end of this
25   document.                                                01:55

Page 67

1        As -- there's something in the plan that I
2    need to look at, I'll search for that -- for that
3    section and then review that section.
4    Q.        Okay.
5    A.        Does that clarify what -- does that clarify     01:56
6    my statements that I've made?
7    Q.        No, it does.  Thank you.  I appreciate that.
8              Stop the share on that one.  I think you
9    already testified earlier then, the context of
10   reviewing the appeal of Mr. Frankenstein, the plan      01:56
11   itself was not reviewed; is that right?
12   A.        When we talked -- you talked about the
13   appeal, you're talking --
14   Q.        Correct, yeah.  I'll put it back up.  Yeah.
15   In the context of the appeal, do you remember          01:56
16   reviewing the plan document?
17   A.        I reviewed the plan document, the particular
18   areas of concern, during the claim process.  I
19   didn't -- I didn't need to review it again during the
20   appeal process.                                         01:57
21   Q.        And when you say "the claim process," when
22   Mr. Frankenstein first submitted his claim; is that
23   what you're referring to?
24   A.        Correct.
25   Q.        And what part of the plan did you review at   01:57

Page 68

1  that time?
2  A.     I -- I can't rattle off the sections here.  I
3  guess as I'm looking at it, I probably could.  But the
4  claim was made about his desire to have -- about money
5  taking -- contributing to the 401(k) plan that would         01:57
6  come from his pay.
7         And the conversation or the way that I looked
8  at this is whether or not there was sufficient
9  available compensation to make contributions or not
10 into the plan.                                               01:58
11        And so, as we're looking at this, I see right
12 here it's section five.  I'm sorry.  I don't remember
13 the exact sections where everything is.  But that's
14 where I had to review whether or not there was any
15 kind of merit to the claim.                                  01:58
16        My expectation, as I discussed with Regina
17 and my team at the time, was the -- if the tips were
18 part of effectively available compensation, it
19 would -- there would be no problem here, but they're
20 not.                                                         01:58
21        And, so reviewing this section of the plan
22 was necessary to come to a conclusion about -- about
23 approving or denying the initial claim.
24 Q.     And did you review Section 5.02, Compensation
25 Taken into Account in Determining Contributions.  Do         01:59

Page 69

| | | |
|---|---|---|
| 1 | you remember reviewing that section? | |
| 2 | A.  I'm sure it was these several sections here | |
| 3 | in Article 5. | |
| 4 |         (Off the record discussion.) | |
| 5 |         MR. KRAVITZ:  Bear with me.  All right. | 01:59 |
| 6 | Let's mark this as Exhibit Number 4. | |
| 7 |         (Exhibit 4 was marked.) | |
| 8 | Q.   BY MR. KRAVITZ:  Which is an email from Joy | |
| 9 | Napier-Joyce to Carol Russell, Regina Dowdy, dated | |
| 10 | May 31, 2019, attaching a draft response to | 02:01 |
| 11 | Mr. Frankenstein's claim to facilitate a discussion. | |
| 12 |        And then after that, there's a draft response | |
| 13 | dated May 30, 2019, and I will try to allow you | |
| 14 | control of this if my laptop will let me. | |
| 15 |        Okay.  So you have control over this.  Should | 02:01 |
| 16 | be able to scroll through it. | |
| 17 | A.   Okay. | |
| 18 | Q.   And my first question is whether you have | |
| 19 | seen this email and draft letter before? | |
| 20 | A.   Yes. | 02:01 |
| 21 | Q.   Did you receive a copy of this email and | |
| 22 | draft letter on or about May 31, 2019, or before? | |
| 23 |        MS. TROY:  I apologize.  This is Meg.  What's | |
| 24 | up on my screen is not the exhibit we were just | |
| 25 | talking about.  I think it's switched. | 02:02 |

Page 145

1                REPORTER'S CERTIFICATE

2

3          I certify that the foregoing proceedings in
4    the within-entitled cause were reported at the time
5    and place therein named; that said proceedings were
6    reported by me, a duly Certified Shorthand Reporter
7    of the State of California, and were thereafter
8    transcribed into typewriting;
9          That before completion of the deposition,
10   review of the transcript {X}was, { }was not
11   requested.  If requested, any changes made by the
12   deponent (and provided to the reporter) during the
13   period allowed are appended hereto.
14         I further certify that I am not of counsel
15   or attorney for either or any of the parties to said
16   cause of action, nor in any way interested in the
17   outcome of the cause named in said cause of action.
18         IN WITNESS WHEREOF, I have hereunto set my
19   hand this 28th day of June, 2022.

            *Karen A Urbano* (signature)

            _____
22          KAREN A. URBANO
            California CSR No. 6698

Page 146

1   Nancy Ross, Esquire

2   nross@mayerbrown.com>

3                    June 24, 2022

4   RE:    Frankenstein, Dan v. Host International Inc., Et Al.

5        6/14/2022, Coleman Lauterbach (#5261871)

6        The above-referenced transcript is available for

7   review.

8        Within the applicable timeframe, the witness should

9   read the testimony to verify its accuracy. If there are

10  any changes, the witness should note those with the

11  reason, on the attached Errata Sheet.

12       The witness should sign the Acknowledgment of

13  Deponent and Errata and return to the deposing attorney.

14  Copies should be sent to all counsel, and to Veritext at

15  cs-midatlantic@veritext.com

16

17   Return completed errata within 30 days from

18  receipt of testimony.

19     If the witness fails to do so within the time

20  allotted, the transcript may be used as if signed.

21

22                  Yours,

23              Veritext Legal Solutions

24

25

```
                                                    Page 147
 1    Frankenstein, Dan v. Host International Inc., Et Al.
 2    Coleman Lauterbach (#5261871)
 3                   E R R A T A   S H E E T
 4    PAGE_____ LINE_____ CHANGE_____
 5    _____
 6    REASON_____
 7    PAGE_____ LINE_____ CHANGE_____
 8    _____
 9    REASON_____
10    PAGE_____ LINE_____ CHANGE_____
11    _____
12    REASON_____
13    PAGE_____ LINE_____ CHANGE_____
14    _____
15    REASON_____
16    PAGE_____ LINE_____ CHANGE_____
17    _____
18    REASON_____
19    PAGE_____ LINE_____ CHANGE_____
20    _____
21    REASON_____
22
23    _____   _____
24    Coleman Lauterbach                          Date
25
```

```
                                                          Page 148
 1    Frankenstein, Dan v. Host International Inc., Et Al.
 2    Coleman Lauterbach (#5261871)
 3                  ACKNOWLEDGEMENT OF DEPONENT
 4       I, Coleman Lauterbach, do hereby declare that I
 5    have read the foregoing transcript, I have made any
 6    corrections, additions, or changes I deemed necessary as
 7    noted above to be appended hereto, and that the same is
 8    a true, correct and complete transcript of the testimony
 9    given by me.
10
11    _____      _____
12    Coleman Lauterbach                          Date
13    *If notary is required
14                    SUBSCRIBED AND SWORN TO BEFORE ME THIS
15                    _____ DAY OF _____, 20___.
16
17
18                        _____
19                        NOTARY PUBLIC
20
21
22
23
24
25
```